"EXHIBIT A"

| | |
|---|---|
| STATE OF INDIANA ) | ST. JOSEPH COUNTY COURT |
| ) | SS: |
| COUNTY OF ST. JOSEPH ) | CAUSE NO.: 71D06-2307-CT-000395 |

JOSHUA HARBER, NICHOLAS IRVIN, STEPHEN LOONEY, CONNOR SPACHTHOLZ, CHRIS SPEARS, PHILLIP STAPLES, PAUL MARTINEZ, LANCE LAWSON, and BRANDON TRUAX,

  Plaintiffs,

vs.

LANDMARK RECOVERY OF CARMEL LLC,

  Defendant.

**JURY TRIAL REQUESTED**

## COMPLAINT FOR DAMAGES

Comes now the Plaintiffs, Joshua Harber, Nicholas Irvin, Stephen Looney, Connor Spachtholz, Chris Spears, Phillip Staples, Paul Martinez, Lance Lawson, and Brandon Truax, by counsel, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, alleges and asserts the following:

  1. At all times relevant hereto, Plaintiff, Joshua Harber, was a resident of the City of Anderson, County of Madison, State of Indiana.

  2. At all times relevant hereto, Plaintiff, Nicholas Irvin, was a resident of the City of Indianapolis, County of Marion, State of Indiana.

  3. At all times relevant hereto, Plaintiff, Stephen Looney, was a resident of the City of LaPorte, County of LaPorte, State of Indiana.

1

4. At all times relevant hereto, Plaintiff, Connor Spachtholz, was a resident of the City of Anderson, County of Madison, State of Indiana.

5. At all times relevant hereto, Plaintiff, Phillip Staples, was a resident of the City of Dyer, County of Lake, State of Indiana.

6. At all times relevant hereto, Plaintiff, Paul Martinez, was a resident of the City of Jeffersonville, County of Clark, State of Indiana.

7. At all times relevant hereto, Plaintiff, Lance Lawson, was a resident of the City of Indianapolis, County of Marion, State of Indiana.

8. At all times relevant hereto, Plaintiff, Brandon Truax, was a resident of the City of North Salem, County of Hendricks, State of Indiana.

9. At all times relevant hereto, Defendant, Landmark Recovery of Carmel LLC, was a substance abuse rehabilitation facility.

10. At all times relevant hereto, Defendant, Landmark Recovery of Carmel LLC, was a substance abuse rehabilitation facility doing business as Praxis in the City of Mishawaka, County of St. Joseph, in the State of Indiana.

11. At all times relevant hereto, Defendant, Landmark Recovery of Carmel LLC, was a substance abuse rehabilitation facility located at 60257 Bodnar Boulevard, Mishawaka, Indiana 46544.

12. On or about June of 2023 until the present, Plaintiffs, were patients at Defendant, Landmark Recovery of Carmel LLC's, location at 60257 Bodnar Boulevard, Mishawaka, Indiana 46544.

13. While patients, Plaintiffs sustained severe personal injuries as the result of the actions and omissions of Defendant, Landmark Recovery of Carmel LLC.

## COUNT I: ENDANGEMENT

COMES NOW Plaintiffs, by and through their attorneys, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, and respectfully show the Court as follows:

14. Plaintiff hereby incorporates paragraphs 1 through 13 as if set forth fully herein.

15. Indiana Code § 12-10-3-2 defines an "endangered adult" as an individual who is (1) at least eighteen (18) years of age; (2) incapable by reason of mental illness, intellectual disability, dementia, habitual drunkenness, excessive use of drugs, or other physical or mental incapacity of managing or directing the management of the individual's property or providing or directing the provision of self-care; and is (3) harmed or threatened with harm as a result of: (A) neglect; (B) a battery offense included in Ind. Code § 35-42-2; or (C) exploitation of the individual's personal services or property.

16. Plaintiffs, and each of them, were (1) over eighteen (18) years of age; (2) incapable by reason of habitual drunkenness, excessive use of drugs, and other physical or mental incapacity of directing the provision of self-care; and (3) were harmed and/or threatened with harm as a result of (A) neglect; (B) battery; or (C) exploitation of the individual's personal services or property.

17. As a direct and proximate result of Defendants negligence and the harm inflicted therein, Plaintiffs sustained substantially serious and debilitating personal injuries.

## COUNT II: MEDICAL MALPRACTICE

COMES NOW Plaintiffs, by and through their attorneys, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, and respectfully show the Court as follows:

18. Plaintiff hereby incorporates paragraphs 1 through 17 as if set forth fully herein.

19. At all times herein, Defendant, Landmark Recovery of Carmel LLC, is the licensed, certified operator, and/or provider of the rehabilitation facility commonly known as Praxis.

20. At all times herein, Defendant, Landmark Recovery of Carmel LLC, is a qualified health care providers pursuant to Ind. Code § 34-18-1 et seq.

21. At all times herein, Defendant, Landmark Recovery of Carmel LLC, manages the day-to-day operations of the rehabilitation facility commonly known as Praxis.

22. At all times herein, Defendant was located in and doing business in the City of Mishawaka, County of St. Joseph, State of Indiana.

23. On or about June of 2023 until the present, Plaintiffs were admitted to Defendant, Landmark Recovery of Carmel LLC, to undergo substance abuse rehabilitation.

24. On or about June of 2023 until the present, medical professionals, nursing personnel, and any and all other employees of Defendant failed to adequately supervise, provide access to professionals, and treat the patients of Defendant's facility, including but not limited to the Plaintiffs.

25. Medical professionals, nursing personnel, and any and all other employees of Defendant violated both Federal regulations and Indiana State Department of Health rules relating to adequate supervision and assistance to its patients.

26. Medical professionals, nursing personnel, and any and all other employees of Defendant negligently failed to provide adequate precautions and medical care, including but not limited to, prescribing medication, dispersing prescription medication, monitoring patient's health, welfare checks on patients, feeding patients, and properly treating patient's symptoms.

27. The medical and nursing care which the Defendant' employees provided to Plaintiffs was below the applicable standard of care.

28.     As a result of the actions and omissions described herein, Plaintiffs have experienced mental anguish, emotional distress, pain, and suffering, including but not limited to post traumatic stress disorder, anxiety, depression, all of which may continue for an indefinite period.

### COUNT III: NEGLIGENCE

COMES NOW Plaintiffs, by and through their attorneys, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, and respectfully show the Court as follows:

29.     Plaintiff hereby incorporates paragraphs 1 through 28 as if set forth fully herein.

30.     On or about June 2023 to the present, Plaintiffs were staying at Defendant, Landmark Recovery of Carmel LLC, at 60257 Bodnar Boulevard, Mishawaka, Indiana, to recover from substance abuse.

31.     While staying at Defendant, Landmark Recovery of Carmel LLC, at 60257 Bodnar Boulevard, Mishawaka, Indiana, Plaintiffs sustained severe personal injuries as the result of the management, care, control, and operation of the facility while they were residing there.

32.     Around said time and place, Defendant permitted and failed to prohibit individuals from bring illicit drugs into the facility.

33.     Around said time and place, Defendant provided unsanitary living conditions, including but not limited to permitting human wastewater in the hallways.

34.     Around said time and place, Defendant denied Plaintiffs access to a working toilet for over twenty-four (24) hours.

35.     Around said time and place, Defendant improperly supervised patients at their facility, including but not limited to conducting routine fifteen (15) minute welfare checks.

36.    On or about June 2023 to the present, Defendant prevented Plaintiffs from being admitted into a different facility.

37.    At said time and place, the Defendant, Landmark Recovery of Carmel LLC, had actual or constructive knowledge of the danger or peril the conditions of the facility presented to the public.

38.    As a direct and proximate result of the negligence of the Defendant, Landmark Recovery of Carmel LLC, the Plaintiffs, without any contributory negligence did suffer injuries, damages, and harm.

39.    As a direct and proximate result of Defendant's negligence, Plaintiffs, and each of them, sustained substantially serious and debilitating personal injuries.

40.    In order to treat their injuries and to lessen their pain and suffering, Plaintiffs, and each of them, have been required to engage the services of hospitals, physicians, and therapists for medical care, therapy, treatment, and medicines and has incurred substantial medical bills for such treatment.

41.    As a direct and proximate result of the negligence of Defendant, Plaintiffs will be required to seek medical treatment in the future and will incur future expenses attendant therewith.

42.    As a result of the actions and omissions described herein and the injuries to Plaintiffs, Plaintiffs' quality of life has been diminished indefinitely.

43.    As a result of the injuries sustained by Plaintiffs, Plaintiffs have experienced mental anguish, emotional distress, pain, and suffering, including but not limited to post traumatic stress disorder, anxiety, depression, all of which may continue for an indefinite period.

44.    As a direct and proximate result of the negligence of the Defendant, Plaintiffs has been damaged.

**COUNT IV: PUNITIVE DAMAGES**

COMES NOW Plaintiffs, by and through their attorneys, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, and respectfully show the Court as follows:

45. Plaintiff hereby incorporates paragraphs 1 through 44 as if set forth fully herein.

46. Defendant, Landmark Recovery of Carmel LLC, acted with gross negligence and with wanton and in reckless disregard for the Plaintiffs' health and safety and as such, Plaintiffs are entitled to punitive damages.

47. At said time and place, Defendant, Landmark Recovery of Carmel LLC, was improperly motivated and egregiously took advantage of a vulnerable population. As such, Plaintiffs are entitled to damages for the acts and behavior of Defendant.

48. Plaintiffs are entitled to a punitive damage award sufficient to punish Defendant and to deter Defendant from engaging in the same or similar conduct in the future.

49. Plaintiffs are entitled to an award of punitive damages to assure future residents of Defendant's facility are safe and will not be treated similarly. The award should be sufficient to be memorable of Defendant not to ever engage in a reckless manner and in total disregard for the physical and mental safety and security of their residents.

WHEREFORE, Plaintiffs, Joshua Harber, Nicholas Irvin, Stephen Looney, Connor Spachtholz, Chris Spears, Phillip Staples, Paul Martinez, Lance Lawson, and Brandon Truax, pray for judgment in their favor and against the Defendant, in an amount commensurate with the damage sustained, for the costs of this action, attorney fees and expenses, for trial by jury, punitive damages, and for all other relief just and proper in the premise.

Respectfully submitted,

**CROSSEN LAW FIRM LLC**

/s/Trevor J. Crossen
Trevor J. Crossen
Attorney No. 18592-49
Attorney for Plaintiff

/s/Gina M. Koeneman
Gina M. Koeneman
Attorney No. 36989-29
Attorney for Plaintiff

**CROSSEN LAW FIRM, LLC**
4661 Lisborn Drive
Carmel, IN 46033
Telephone: (317) 939-6800
Trevor@crossenlawfirm.com
gina@crossenlawfirm.com